IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELMER SHANK, | : | |
|     Plaintiff | : | No. 1:23-cv-01080 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| HANOVER INTERMODAL TRANSPORT, | : | |
| INC., HANOVER INTERMODAL | : | |
| TRANSPORT, INC. d/b/a HIT LOGISTICS | : | |
| and CORY T. FLOYD | : | |
|     Defendants | : | |

**MEMORANDUM**

Before the Court is a motion for partial dismissal of Plaintiff Elmer Shank ("Plaintiff")'s complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Hanover Intermodal Transport, Inc. ("Hanover"), Hanover Intermodal Transport, Inc. d/b/a HIT Logistics ("HIT"), and Cory T. Floyd ("Floyd") (collectively, "Defendants"). (Doc. No. 7.) For the reasons that follow, the Court will deny Defendants' motion.

**I.  BACKGROUND**[1]

On June 28, 2023 Plaintiff Elmer Shank ("Plaintiff") filed a complaint against Defendants pursuant to this Court's diversity jurisdiction, alleging claims of negligence under Pennsylvania law in connection with a motor vehicle accident. (Doc. No. 1.) Plaintiff avers that Defendant Floyd was the operator of a tractor-trailer truck owned by Defendants Hanover and HIT and that, on July 10, 2021, Floyd was operating the truck within the course and scope of his employment with Hanover and HIT. (Id. ¶¶ 13–14, 18.) Plaintiff asserts that, on that date at approximately 10:06 p.m., Plaintiff "was driving along Route 116 in Bonneauville,

---

[1] The factual background is drawn from Plaintiff's complaint, the allegations of which the Court accepts as true for purposes of the pending motion to dismiss. See Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004).

Pennsylvania, when he slowed down for another truck who was turning into a driveway in front of him." (Id. ¶ 18.)  Plaintiff avers that, while also driving along Route 116, Floyd, "despite a clear sight distance and no obstructions to his view of the vehicles in front of him, failed to observe Plaintiff's vehicle, thereby rear-ending Plaintiff's vehicle and causing Plaintiff's personal injuries." (Id. ¶ 19.)  Plaintiff asserts that Floyd "had a sufficient amount of time to recognize Plaintiff's vehicle and avoid the collision." (Id. ¶ 20.)  Plaintiff alleges that "[t]he conduct of Defendants rises to the level of outrageous conduct in that Defendants willfully and recklessly ignored the known safety hazards associated with driving a commercial vehicle in an unsafe manner and driving a commercial vehicle in substandard condition for long-haul interstate travel, of which caused Plaintiff's serious and permanent injuries." (Id. ¶ 23.)  Plaintiff also asserts that "[a]s a direct and proximate result of the joint careless, reckless, negligent, grossly negligent, and other liability-producing operations of the subject tractor-trailer," Plaintiff sustained "serious and permanent injuries including, but not limited to, head injury, concussion, and vision issues, some or all of which are permanent in nature and may last into the future." (Id. ¶ 24.)

In Count I of his complaint, asserted against Defendant Hanover, Plaintiff further alleges that his injuries "were caused by the negligence, carelessness, and recklessness of Defendant Hanover at the corporate level, in addition to failures of its operator/employee, Defendant Floyd, jointly and severally, acting by and through their agents, servants, workers and/or employees, both generally and in the following particular respects":

  a. failing to properly train their employees;
  b. failing to properly equip their trucks, including the subject Hanover and/or HIT truck;
  c. failing to maintain their trucks, including the subject Hanover and/or HIT truck;
  d. failing to properly service their vehicles, including the subject Hanover

  e. and/or HIT truck;
  e. failing to inspect their trucks, including the subject Hanover and/or HIT truck;
  f. failing to properly maintain, service, and/or inspect the brakes and brake systems of their trucks, including the subject Hanover and/or HIT [truck];
  g. failing to ensure the subject Hanover and/or HIT truck was operated by a properly trained and licensed driver;
  h. failing to properly monitor driver performance;
  i. promoting and encouraging drivers to rush at the expense of safety;
  j. violating commercial motor vehicle regulations;
  k. failing to use due care under the circumstances; and
  l. negligent hiring, selection, and retention of Defendant [] Floyd.

(Id. ¶ 36.)   Plaintiff also asserts that "Hanover knew or should have known that failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their trucks, including the subject Hanover and/or HIT truck, posed a very high risk of serious bodily injury and/or death" and that his injuries were caused by the "negligence, carelessness, recklessness, and/or grossly negligent conduct of Defendant Hanover."   (Id. ¶¶ 38–39.)   Count III of Plaintiff's complaint asserts similar allegations against Defendant HIT.   (Id. ¶¶ 53–56.)

Count V of Plaintiff's complaint asserts a negligence claim against Defendant Floyd[2] and specifically alleges that "[t]he negligence, carelessness, and recklessness of Defendant Floyd consisted of, but is not limited to the following":

  a. failing to maintain proper and adequate control over the subject Hanover and/or HIT truck so as to avoid crashing into another vehicle;
  b. failing to maintain a safe distance while operating the subject Hanover and/or HIT truck;
  c. failing to maintain the lane of travel while operating the subject Hanover and/or HIT truck;
  d. failing to pay proper attention while operating the subject Hanover and/or HIT truck;
  e. operating the subject Hanover and/or HIT truck in a negligent and careless manner without due regard for the rights and safety of the Plaintiff;
  f. failing to have the subject Hanover and/or HIT truck under such control that it could be readily stopped, turned aside or the speed thereof

---

[2] Counts II and IV assert vicarious liability claims against Hanover and HIT based on Floyd's conduct.   (Id. ¶¶ 41–49, 58–66.)

    slackened upon the appearance of danger;
- g. failing to remain alert;
- h. traveling at an excessive rate of speed under the circumstances in violation of the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR") and applicable laws of the Commonwealth of Pennsylvania;
- i. failing to operate the subject Hanover and/or HIT truck in accordance with the FMCSR and the laws of the Commonwealth of Pennsylvania;
- j. failing to make necessary and reasonable observations while operating the subject Hanover and/or HIT truck;
- k. failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff;
- l. failing to timely and properly apply his brakes;
- m. violating both the written and unwritten policies, rules, guidelines and regulations of Hanover, HIT, the Commonwealth of Pennsylvania, and/or the FMCSR;
- n. failing to maintain an assured clear distance;
- o. failing to apprise himself of and/or abide by the FMCSR;
- p. failing to apprise himself of and/or abide by the regulations and laws pertaining to the operations of trucks;
- q. failing to properly inspect his truck in violation of the FMCSR;
- r. consciously choosing to drive the subject Hanover and/or HIT truck at a high rate of speed for the location and circumstances; and
- s. acting with a conscious disregard for the rights and safety of the Plaintiff.

(Id. ¶ 70.) Plaintiff further asserts that "Floyd's operation of the subject Hanover and/or HIT truck represented a foreseeable and unreasonable risk of danger to other vehicles, including the Plaintiff," and that Plaintiff's injuries resulted from Floyd's "negligence, carelessness, and recklessness." (Id. ¶¶ 71–72.)

On July 18, 2023, Defendants filed the instant motion for partial dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 7), a brief in support of the motion (Doc. No. 9), and an answer to the complaint (Doc. No. 8). Defendants' motion seeks dismissal of "Plaintiff's implicit demand for punitive damages, allegations of 'recklessness,' 'gross negligence,' and/or allegations of 'reckless,' 'outrageous,' and/or 'willful' conduct." (Doc. No. 7 at 9 ¶ 53.) Defendants maintain that Plaintiff's complaint, grounded in allegations of negligence, "is devoid of any specific factual allegations that would support such

4

allegations" of recklessness or outrageous conduct. (Id. ¶ 49.)  Plaintiff filed a brief in opposition to Defendants' motion on August 9, 2023 (Doc. No. 12), and Defendants filed a reply brief on August 15, 2023 (Doc. No. 13).  Having been fully briefed, Defendants' motion is ripe for disposition.

**II.     LEGAL STANDARD**

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 312 (3d Cir. 2010).  The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 552 U.S. 662 (2009).  Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible."  See id.  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  As the Supreme Court instructed in Iqbal,

"where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Township, 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 556 U.S. at 679).

### III. DISCUSSION

In their motion, Defendants ask the Court to dismiss "Plaintiff's implicit or tacit request for punitive damages and any and all allegations of reckless, willful and/or grossly negligent conduct" because, they argue, "the allegations in Plaintiff's complaint do not contain allegations of fact that rise to the level of conduct that can be classified as grossly negligent, reckless, wanton, or willful or to the level of conduct that would warrant an award for punitive damages under Pennsylvania law."  (Doc. No. 7 at 5 ¶¶ 23–24.)

In response, Plaintiff maintains that the complaint states a claim for punitive damages, arguing that the complaint "contains detailed factual allegations throughout" and that Defendants' motion should be denied because discovery may reveal evidence necessary to justify an award of punitive damages.  (Doc. No. 12 at 4.)  Plaintiff notes that the complaint contains allegations that all Defendants violated the Federal Motor Carrier Safety Regulations and that Defendants Hanover and HIT did not have appropriate safety policies regarding the maintenance

of the truck and did not properly train and monitor Defendant Floyd.  (Id. at 2.)  Plaintiff also points to the complaint's allegations that Floyd "consciously" chose to drive his vehicle at a "high rate of speed for the location and circumstances," acting with a "conscious disregard for the rights and safety of" Plaintiff.  (Id.) (quoting Doc. No. 1 ¶¶70(r) and (s)).

In Pennsylvania, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others" and "must be based on conduct which is malicious, wanton, reckless, willful, or oppressive."  See Feld v. Merriam, 485 A.2d 742, 747–48 (Pa. 1984) (internal quotation marks omitted).  To be successful, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk."  See Hutchinson v. Luddy, 870 A.2d 766, 772 (Pa. 2005).  While "punitive damages are an extreme remedy available in only the most exceptional matters," see Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005) (internal quotation marks omitted), at the motion to dismiss stage, a court need only decide whether the plaintiff has alleged facts that "plausibly give rise" to a punitive damages award, see Santiago, 629 F.3d at 130.

Upon careful review of Plaintiff's complaint and the briefs of the parties, as well as the relevant authorities, the Court concludes that dismissal of Plaintiff's "implicit" request for punitive damages and related allegations of "reckless," "willful" or "grossly negligent" conduct would be premature at this stage of the litigation.  In numerous cases with facts analogous to the instant case, federal courts interpreting Pennsylvania law have declined to dismiss requests for punitive damages prior to discovery, finding that claims of negligence could plausibly support a punitive damages remedy.  See Banayan v. Feldpausch, No. 4:22-cv-00264, 2022 WL 1673448

at *2 (M.D. Pa. May 25, 2022) (denying motion to dismiss punitive damages remedy in commercial trucking case where complaint alleged that driver of vehicle was traveling so fast that he was unable to stop, in violation of federal regulations, and that the owner of the vehicle failed to properly monitor, train, and supervise the driver); Delamarter v. Couglar, No. 3:16-cv-00665, 2016 WL 3951663 at *3 (M.D. Pa. July 21, 2016) (denying motion to dismiss punitive damages where plaintiff alleged violations of the Federal Motor Carrier Safety Regulations coupled with allegations of a conscious disregard for safety and the rights of others); Cobb v. Nye, No. 4:14-cv-00865, 2014 WL 7067578, at *4 (M.D. Pa. Dec. 12, 2014) (denying a motion to dismiss punitive damages arising from a tractor-trailer accident because "[d]iscovery is necessary to make the determination of whether [d]efendants' actions were merely negligent or whether they were outrageous"); Sabo v. Saurez, No. 3:08-cv-01889, 2009 WL 2365969, at *2–3 (M.D. Pa. July 31, 2009) (denying motion to dismiss punitive damages where the defendant, an experienced truck driver, ran a red light in foggy conditions and hit the plaintiff's vehicle).

     Here, Plaintiff has alleged that Defendant Floyd "consciously" drove the Hanover and/or HIT truck at a "high rate of speed for the location and circumstances" and violated Federal Motor Carrier Safety Regulations in connection with the truck's collision with Plaintiff's vehicle. (Doc. No. 1 ¶ 70.)   As to the Hanover and HIT Defendants, Plaintiff's complaint alleges independent corporate negligence and recklessness, asserting that both Defendants "knew or should have known that failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their trucks, including the subject Hanover and/or HIT truck, posed a very high risk of serious bodily injury and/or death" (id. ¶¶ 39, 56) and that they failed to properly train, monitor, and supervise Defendant Floyd (id. ¶¶ 36, 53).

     Comparing Plaintiff's allegations to those in the cases cited above, the Court concludes

that Plaintiff's allegations plausibly support a punitive damages remedy at this stage of the proceedings. While Plaintiff will ultimately have to prove that Defendants engaged in conduct beyond mere negligence and that they possessed a "subjective appreciation of the risk of harm" to which they subjected others, Plaintiff need not clear that hurdle at the motion to dismiss stage. See Hutchinson, 870 A.2d at 772, Young v. Westfall, No. 4:06-cv-02325, 2007 WL 675182, at *2 (M.D. Pa. Mar. 1, 2007) (noting that "[a]lthough the facts may later prove at most that defendant were merely negligent, discovery is necessary" to determine whether punitive damages are appropriate).

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion for partial dismissal of Plaintiff's complaint. An appropriate Order follows.

.

   s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania